UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AIF DARTMOUTH, LLC | * |
| | * |
| Plaintiff, | * |
| | * Civil Action No. 14-cv-13591-IT |
| v. | * |
| | * |
| GARY S ROTHKOPF, | * |
| | * |
| Defendant. | * |

ORDER

October 24, 2014

TALWANI, D.J.

Before the court is Defendant Rothkopf's Motion to Dismiss Complaint [#4], in which Rothkopf moves the court to dismiss the complaint on the grounds that Plaintiff AIF Dartmouth LLC's ("AIF Dartmouth") claims are (1) precluded by a prior Massachusetts state court order in a previous case dismissing the same claims, (2) released by a settlement agreement entered into at the conclusion of that previous state court action, and (3) barred by the statute of limitations. Without reaching the merits of these arguments, the court finds that the complaint fails to state a cause of action because it does not allege that any rights possessed by Robin Bovarnick and her family in connection with their alleged agreement with Rothkopf to obtain a loan of $250,000, see Compl. ¶ 7, were assigned or transferred to AIF Dartmouth. Exacerbating this omission are two verified pleadings submitted to the Norfolk Superior Court in 2012, in which Ms. Bovarnick, her father, and her brothers (collectively, the "Bovarnicks") aver that, based on the same facts alleged in the complaint in the instant case, Rothkopf "owes the Bovarnick Brothers

$255,220.71, excluding interest, for their funding and continued debt service of the TJ&W settlement/loan," Def.'s Mem. Supp. Mot. Dismiss Compl. Ex. H, 4.[1]

Accordingly, Rothkopf's motion to dismiss is ALLOWED and the complaint is dismissed with leave to amend. AIF Dartmouth shall have two weeks to file an amended complaint. As with any paper submitted to the court, any amended complaint must be filed in accordance with Federal Rule of Civil Procedure 11, which requires that the pleading "be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented," and that by so presenting the pleading to the court, "[the] attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . [that] the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." Fed. R. Civ. P. 11(a), (b)(3).

IT IS SO ORDERED.

Date: October 24, 2014 /s/ Indira Talwani
United States District Judge

---

[1] "It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990); see McKinney v. Waterman Steamship Corp., 925 F.2d 1, 5 (1st Cir. 1991) (taking "judicial notice of the proceedings in the bankruptcy court, and the documents filed therein, copies of which appear in the record . . . and whose authenticity is not disputed").